UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOHN O. WILLIAMS,

    Petitioner,

v.                                                  Case No. 4:24-cv-409-TKW-MJF

GENERAL COUNSEL FOR THE
DEPARTMENT OF CORRECTIONS,

    Respondent.
_____/

**REPORT AND RECOMMENDATION**

John O. Williams, proceeding *pro se*, has filed a petition for writ of habeas corpus. Doc. 1. The undersigned recommends that the District Court summarily dismiss the petition for lack of jurisdiction, because the petition is an unauthorized "second or successive" habeas corpus application.

**I.  BACKGROUND**

Williams (DC #977298) is an inmate of the Florida Department of Corrections currently confined at the Blackwater River Correctional Facility. Doc. 1. Williams's habeas petition challenges his judgment of conviction for Lewd or Lascivious Molestation of a Person Less than 12

Years of Age, in Leon County Circuit Court in Case No. 2007-CF-3046. Doc. 1 at 1-2 & Attach. Williams claims that (1) his conviction violates the Fifth Amendment's protection against double jeopardy and the Fifth Amendment's right to a speedy trial; and (2) his appellate counsel was ineffective for failing to raise these issues on direct appeal. Doc. 1 at 6.

Williams admits that he previously filed a § 2254 petition challenging the same judgment. Doc. 1 at 5. Williams also admits that the Eleventh Circuit denied his application—filed under 28 U.S.C. § 2244(b)(3)(A)—for leave to file a second habeas corpus petition raising the claims he now asserts. Doc. 1 at 5; *see also In re John Williams*, No. 22-10404-E (11th Cir. Feb. 16, 2022) (denying application).

The undersigned takes judicial notice of Williams's previous § 2254 petition that challenged the same judgment. *See Williams v. State of Florida*, Case No. 4:14cv629-RH/EMT, Pet., Doc. 1 (N.D. Fla. Nov. 24, 2014).[1] The district court denied that previous § 2254 petition with prejudice on August 1, 2016. *Williams v. State of Florida*, No. 4:14cv629-

---

[1] The court takes judicial notice of its own records. *See* Fed. R. Evid. 201; *United States v. Rey*, 811 F.2d 1453, 1457 n. 5 (11th Cir. 1987).

RH/EMT, 2016 WL 4107707 (N.D. Fla. Aug. 1, 2016), *certificate of appealability denied,* No. 16-15863-G (11th Cir. Oct. 12, 2018), *cert denied,* No. 18-9416 (U.S. Oct. 7, 2019).

## II. DISCUSSION

"Before a second or successive [habeas corpus] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts (2018) ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). A district court lacks jurisdiction to consider a "second or successive" habeas corpus petition that was not previously authorized by an appellate court. *Burton v. Stewart,* 549 U.S. 147, 152, 157 (2007) (district court lacked jurisdiction to entertain petitioner's second habeas corpus petition because petitioner failed to obtain order from court of appeals authorizing it); *Fugate v. Dep't of Corr.,* 301 F.3d 1287, 1288 (11th Cir. 2002) (same).

Williams's present petition is a "second or successive" habeas corpus application. The fact that Williams filed his petition on the § 2241 petition form, instead of the § 2254 petition form, does not change the fact that it is a second or successive habeas corpus application. Nor does Williams's use of the § 2241 form enable Williams to circumvent the restrictions of §§ 2244 and 2254. *See Medberry v. Crosby*, 351 F.3d 1049, 1054 n. 5, 1062 (11th Cir. 2003) ("[I]f a state prisoner is 'in custody pursuant to the judgment of a State court,' his petition is subject to § 2254" and its attendant restrictions in §§ 2244 and 2254).

Williams's failure to receive the requisite authorization before filing his present habeas petition operates as a jurisdictional bar that requires dismissal of this case. *See Burton*, 549 U.S. at 152.

### III.  CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. The petition for writ of habeas corpus, Doc. 1, challenging the judgment of conviction and sentence in *State of Florida v. John O. Williams*, Leon County Circuit Court Case No. 2007-CF-3046, be **DISMISSED** without prejudice for lack of jurisdiction.

2.  The clerk of court close this case file.

At Panama City, Florida, this 8th day of October, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u> A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any judicially-noticed fact, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of that fact, they must raise this issue in an objection to this report and recommendation.**